IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT-LAUDERDALE DIVISION

| | | |
|---|---|---|
| Nicolas Sayavedra, | ) | CIVIL ACTION NO._____ |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMAND |
| Lazy Moon, Inc., and | ) | |
| Somkid Punma, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Nicolas Sayavedra ("Sayavedra"), by and through his undersigned counsel, and hereby sues Lazy Moon, Inc. and Somkid Punma (collectively "Defendants") for unpaid overtime and in support thereof alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff Sayavedra brings this action for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").   Plaintiff is also seeking reasonable attorneys' fees and costs.

2.   The Court has jurisdiction over Plaintiff Sayavedra's claims pursuant to 28 U.S.C. § 1337, 1331 and the FLSA.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants transact business in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

4.  At all times material, Plaintiff Sayavedra was a restaurant employee for Defendants and performed related activities for Defendants in, *inter alia*, Broward County, Florida.

5.  Defendant Lazy Moon, Inc. ("Lazy Moon") is a Florida profit corporation that operates and conducts business in Broward County, Florida, and is therefore, within the jurisdiction of the Court.

6.  Defendant Somkid Punma ("Punma"), an individual and *sui juris*, is an owner and corporate officer of Defendant Lazy Moon.  Defendant Punma acted directly and indirectly in the interest of Defendant Lazy Moon in Broward County and had the power to direct employees' actions. Defendant Punma had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and overtime and whether to compensate (or not to compensate) employees at Defendant Lazy Moon in accordance with the FLSA, making Defendant Punma an employer pursuant to 29 USC§ 203(d).  Defendant Punma also had the power to hire and fire Plaintiff, set Plaintiff's compensation and work schedule, and maintains Plaintiff's employment records.

## COVERAGE

7.  At all material times relevant to this action, Defendant Lazy Moon was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

8.  At all material times relevant to this action, Defendant Lazy Moon was an employer as defined by 29 USC§ 203(d).

9.  Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff Sayavedra, and may be

deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

10. During all material times, Defendants employed two or more people engaged in commerce, handling or otherwise working on materials which have been moved in or produced for commerce, (i.e., restaurant supplies and equipment, food, beverages, etc.).

11. During all material times, Defendant Lazy Moon had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. During all times material, Defendants accepted payments from customers based on credit cards issued by out-of-state banks.

13. During all times material, Defendants routinely ordered materials or supplies from out of state, (i.e., restaurant supplies and equipment, food, beverages, etc.).

14. Plaintiff was individually engaged in commerce during his employment with Defendants, by working with food supplies and equipment from out-of-state.

15. Plaintiff regularly made orders to out-of-state food suppliers to deliver goods to Defendants.

16. Defendants used U.S. Mail to send and receive correspondence to and from other states.

## Factual Background

17. On or about June 2017, Plaintiff Sayavedra began employment with Defendants as a restaurant manager.

18. Plaintiff Sayavedra was told that he would be paid a salary of $65,000/year.

19. Starting January 2018, Plaintiff Sayavedra was told his salary would change to $72,000/year.

20. However, Plaintiff Sayavedra was not paid on a salaried basis. For example, if Plaintiff Sayavedra, pursuant to the schedule that was given to him by Defendants, came to work at Defendant Lazy Moon and worked six hours, then he would be paid on an hourly basis. The hourly pay that Plaintiff Sayavedra received always resulted in Plaintiff receiving less pay for those days than what he would have received if he had been paid the daily rate of an employee earning a $72,000/year salary.

21. The aforementioned reductions in pay were not isolated incidents, nor were they inadvertent. The Defendants had an actual practice of paying Plaintiff Sayavedra hourly when Defendants wanted to, which was frequently.

22. The aforementioned reductions in pay by Defendants were done due to perceived variations in the quantity of the work performed by Plaintiff Sayavedra. Consequently, Plaintiff was not paid on a salaried basis.

23. To be considered paid on a salaried basis, Defendants must not "subject [the salary] to reduction because of variations in the quality or quantity of the work performed." *See* 29 C.F.R. § 541.118.

24. Plaintiff Sayavedra was not a salaried employee; rather, Plaintiff Sayavedra was an hourly employee who is entitled to the benefit of FLSA overtime compensation. *See* 29 C.F.R. §541.603(a); 29 U.S.C. §207(a).

## COUNT I – UNPAID OVERTIME

## (Fair Labor Standards Act, 29 U .S.C. § 201, et seq)

25. Plaintiff Sayavedra reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. At all times relevant to this action, Plaintiff Sayavedra was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203(e).

27. At all times relevant to this action, Defendants were Plaintiff Sayavedra's employer within the meaning of the FLSA 29 U.S.C. §203(d).

28. At all times relevant, Plaintiff Sayavedra was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203(g).

29. At all times material, Plaintiff Sayavedra acted at the direction and control of Defendants as to working in Defendants' restaurant, and the hours he worked.

30. Plaintiff Sayavedra was not a salaried employee; rather, Plaintiff Sayavedra was an hourly employee who is entitled to the benefit of FLSA overtime compensation. *See* 29 C.F.R. §541.603(a); 29 U.S.C. §207(a).

31. From the beginning of his employment with Defendants, Plaintiff Sayavedra has repeatedly worked over forty (40) hours in the work week and has not been paid overtime for said weeks in violation of the FLSA.

32. As a result of Defendants' intentional, willful and unlawful acts by refusing to pay Plaintiff Sayavedra overtime, Plaintiff Sayavedra has suffered damages plus incurring reasonable attorneys' fees and costs.

33. Defendants knew or showed reckless disregard for whether the FLSA prohibited its conduct.

34. As a result of Defendants' willful violation of the Fair Labor Standards Act, Plaintiff Sayavedra is entitled to unpaid overtime and liquidated damages.

WHEREFORE, Plaintiff Sayavedra demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at the rate of one and one-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Plaintiff Nicolas Sayavedra prays that this Court enter judgment in his favor against Defendant Lazy Moon, Inc. and Defendant Somkid Punma, and award monetary damages and liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

DATED this 14th day of August, 2019.


Respectfully submitted,


/s *Nnamdi Jackson*

Nnamdi S. Jackson, Esq.
Fla. Bar No. 99804

**THE LAW OFFICE OF NNAMDI S. JACKSON, P.A.**
2645 Executive Park Drive,
Suite 340
Weston, Florida 33331
Tel: (954) 670-1267
Fax: (954) 385-9814
njackson@nsjlawoffice.com